**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4660**

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

    v.

KIMBERLY SPENCER MILES,

           Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:09-cr-00020-RLV-DSC-2)

Submitted: February 28, 2011      Decided: March 18, 2011

Before SHEDD, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ross H. Richardson, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly Spencer Miles appeals her convictions and forty-six-month sentence after pleading guilty pursuant to a plea agreement to one count of conspiracy to defraud and obtain under false pretenses money or property owned by or under the control of Medicaid, in violation of 18 U.S.C.A. § 1349 (West 2000 & Supp. 2010), and two counts of willfully submitting false and fraudulent claims for payment from Medicaid, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1347 (2006). Miles' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in calculating the loss amount attributable to Miles, but recognizing that because Miles' plea agreement contained an appellate waiver, this court may not entertain her appeal. Miles was informed of her right to file a pro se supplemental brief, but has not done so. The Government declined to file a responsive brief.* We affirm the district court's judgment.

---

* Because the Government elected not to file a responsive brief or a motion to dismiss the appeal based on the appellate waiver contained in Miles' plea agreement, this court has conducted an Anders review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that the Government may file a responsive brief raising the appellate waiver issue or do nothing and allow this Court to perform the Anders review).

After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). When reviewing the district court's Guidelines range calculation, this court reviews the district court's factual findings for clear error and its legal interpretation of the Guidelines de novo. See United States v. Dawkins, 202 F.3d 711, 714 (4th Cir. 2000).

3

We discern no error in Miles' sentence. Under U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1 (2009), "loss" is the greater of actual loss or intended loss. USSG § 2B1.1 cmt. n.3(A) (2009). Actual loss is "the reasonably foreseeable pecuniary harm that resulted from the offense," and intended loss is "the pecuniary harm that was intended to result from the offense." USSG § 2B1.1 cmt. n.3(A)(i)-(ii) (2009). In making loss calculations, the sentencing court is instructed to hold the defendant "responsible for the amount of loss which was intended, not the actual loss ultimately sustained[.]" United States v. Loayza, 107 F.3d 257, 266 (4th Cir. 1997). In fact, this court has explicitly held in a mail fraud case involving Medicare and Medicaid overbilling that the "Guidelines permit courts to use intended loss in calculating a defendant's sentence, even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct." United States v. Miller, 316 F.3d 495, 502 (4th Cir. 2003).

A sentencing court must make only a "reasonable estimate of the loss, given the available information." Id. at 503 (internal quotation marks omitted); see USSG § 2B1.1, cmt. n.3(C). Moreover, a sentencing enhancement need only be supported by a preponderance of the evidence. Miller, 316 F.3d at 503. We have reviewed the evidence regarding loss presented

4

to the district court and have considered Miles' arguments and find no error with respect to the district court's loss calculation.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform Miles, in writing, of her right to petition the Supreme Court of the United States for further review. If Miles requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miles. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED